IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHARLES J. DIGIULIO,<br><br>            Petitioner,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br>Administration,<br><br>            Respondent. | Case No. CV-08-86-N-MHW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## Introduction

Currently pending before the Court for its consideration is Petitioner Charles J. Diguilio's ("Petitioner") Petition for Review (Docket No. 1) of the Respondent's denial of social security benefits, filed February 20, 2008. The Court has reviewed the Petition for Review and the Answer, the parties' memoranda, the administrative record (AR) and for the reasons that follow, will affirm the decision of the Commissioner.

### I.
### Procedural and Factual History

Petitioner filed an application for Supplemental Security Income on June 16, 2005, alleging disability due to hepatitis C, history of compression fracture at T12, and bursitis of the

right shoulder.  Petitioner's application was denied initially and on reconsideration, and a request for a hearing was timely filed.

Administrative Law Judge (ALJ) R. J. Payne held a hearing on August 16, 2007, taking testimony from Petitioner and medical expert Dr. Henry Hamilton.  (AR 145-179.)  ALJ Payne issued a decision finding Petitioner not disabled on September 20, 2007.  (AR 7- 17.)

Petitioner filed a timely appeal to the Appeals Council which denied his request for review, making the ALJ's decision the final decision of the Commissioner.  (AR 3-5.)  Petitioner appealed this final decision to this Court.  The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the hearing, Petitioner was 55 years old.  (AR 158.)  He has a high school education followed by an associate's degree in business and training as a real estate agent, and his past relevant work includes charter boat operator and real estate agent.  (AR 159-161.)

## II.
## Sequential Process

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920.  At step one, it must be determined whether the claimant is engaged in substantially gainful activity.  The ALJ found Petitioner had not engaged in substantial gainful activity since his alleged onset date.  At step two, it must be determined whether claimant suffers from a severe impairment.  The ALJ found Petitioner's hepatitis C, history of compression fracture at T12, and bursitis of the right shoulder are "severe" within the meaning of the Regulations.  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found that Petitioner's impairments did not meet or equal the criteria for the listed impairments.  If a claimant's impairments do not meet or equal a listing,

the Commissioner must assess the residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Petitioner was able to perform his past relevant work as a real estate agent. Having found Petitioner not disabled at step four, the ALJ did not proceed to step five of the sequential evaluation.

## III.
## Standard of Review

The Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *See* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Fitch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he not only cannot do his previous work but is unable, considering his age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Social Security Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan,* 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v*

*Chater,* 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist which supports the petitioner's claims.  42 U.S.C. § 405(g); *Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).   Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive.  *Id.*  It is well-settled that if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner."  *Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir. 1999).

In reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard self-serving statements.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence.  *Matthews v. Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993).

## IV.
## Discussion

Petitioner raises two issues in support of his Petition for Review.  First, he contends that the ALJ failed to consider his prior disability status.  *Petitioner's Brief* 3-5.  More specifically, he refers to the Judgment issued by the United States District Court for the Northern District of

**Memorandum Decision and Order - Page 4**

California ("California Judgment") dated October 17, 1996 which found that he was disabled and retroactively awarded benefits to his filing date of April 23,1990. (AR 22-47.)

Second, Petitioner contends that the ALJ failed to develop the record regarding the severity of his hepatitis C condition. *Petitioner's Brief* 6-7.

### A.     Failure to Consider Prior Disability Status

Petitioner filed for Supplemental Security Income disability benefits on April 23, 1990, alleging disability due to compression fractures of his back sustained while working as a charter boat captain. (AR 24; 25-26.) The application was denied initially, on reconsideration, and after hearings before two ALJs. (AR 24.) In October 1996, the United States District Court for the Northern District of California reversed and remanded for payment of benefits retroactively to 1990. (AR 22-47.)

The Social Security Administration ("SSA") paid benefits pursuant to the California Judgment until July 1999 when it suspended payments after Petitioner failed to complete the required forms for a continuing disability review. *Declaration of Terrye E. Shea* ¶ 6 (Docket No. 21). It thereafter terminated benefits after Petitioner failed to comply with the SSA's continuing disability review requirements for twelve continuous months. *Id.* ¶ 7. The SSA record indicated that Petitioner was working and did not plan to pursue SSI benefits. *Id.* ¶ 8. Petitioner thought he could "do better" if he found a job and went back to work. (AR 158; 162.) He worked as a realtor from July 2, 2001 until January 1, 2005, earning approximately $10,000 per year which constituted significant gainful activity pursuant to 20 C.F.R. § 416.975. (AR 80-81; 84.)

When Petitioner filed his second claim on June 16, 2005, he alleged disability beginning

September 1, 1991 due to hepatitis C, fatigue, degenerative arthritis, and a bad arm. (AR 10; 80-81.) However, at the hearing before the ALJ, he amended his disability date to June 16, 2005, his protected filing date. (AR 148-49.) Medical expert Dr. Henry K. Hamilton testified at the hearing. (AR 149-157.) His testimony was based in part on the report of Dr. Robert E. Rust who conducted a consultative examination of Petitioner on August 31, 2005 at the request of Disability Determination Services.

Petitioner states that he filed a copy with the SSA of the California Judgment. (AR 22-47.) Medical expert Dr. Hamilton found Petitioner was able to perform light work. On cross-examination, Dr. Hamilton stated that he did not have that Judgment or any other information or medical evidence regarding the prior finding of disability available to him. (AR 155.) Petitioner further contends that the ALJ did not consider the prior finding of disability other than acknowledging that Petitioner had an old compression fracture. Despite Dr. Rust's written report regarding the "severe orthopedic injury" found in the California Judgment, Petitioner argues that the ALJ did not further develop the issue.

According to Petitioner, without the SSA case file or medical records for the first claim, the ALJ could not make the required comparison with the medical records for the second claim to establish that he experienced medical improvement during the time between his first and second claims, and that this constitutes legal error.

The record reflects that the ALJ was aware that Petitioner had previously received disability benefits that ceased when he began work as a real estate agent. (AR 15.) More specifically, he was aware that Petitioner had been found disabled by the district court in October 1996 with benefits retroactive to 1990. (AR 155.)

**Memorandum Decision and Order - Page 6**

Petitioner argues that "[o]nce a finding of disability is made, the Commissioner 'bears the burden of producing evidence sufficient to rebut the presumption of continuing disability.'" *Petitioner's Brief* at 4 (citing *Mendoza v. Apfel*, 88 F. Supp.2d 1108, 1113 (C.D. Cal. 2000) (internal citation omitted). *See also Bellamy v. Secretary of Health & Human Services*, 755 F.2d 1380, 1381 (9th Cir. 1985). He further argues that the ALJ jailed to follow the regulations regarding medical improvement discussed in *Flaten v. Secretary of Health & Human Services*, 44 F.3d 1453, 1459 (9th Cir. 1995) (citing 20 C.F.R. § 416.994).[1]

Petitioner is correct, that once a claimant has been found to be disabled, a presumption of continuing disability arises in the claimant's favor and the Commissioner bears the burden of producing sufficient evidence of medical improvement sufficient to allow the claimant to engage in substantial gainful activity. *Bellamy*, 755 F.2d at 1381. Petitioner fails, however, to demonstrate why the issue of medical improvement or lack thereof is relevant in this case. The Court notes that although *Mendoza* states that the Commissioner bears the burden of rebutting the presumption of disability, the court went on to observe, "Nevertheless, a claimant whose condition has improved medically so that he is able to engage in substantial gainful activity may no longer be disabled." *Mendoza*, 88 F.Supp.2d 1113.

When a claimant is entitled to disability benefits, continued entitlement to those benefits must be reviewed periodically at which time a number of factors, including medical improvement or lack thereof and whether any medical improvement is related to the claimant's ability to work, is considered. *See* 20 C.F.R. § 416.994(b). There are certain exceptions to the requirement of a finding of medical improvement to terminate disability benefits including

---

[1] Petitioner's citation to *Flaten* appears to have been in error. Rather, it appears that the citation should have been to *Mendoza*. *See Mendoza*, 88 F.Supp.2d at 1113.

**Memorandum Decision and Order - Page 7**

where a claimant did not cooperate with the SSA without good cause. *See* 20 C.F.R. § 416.994(b)(4).

Here, termination of benefits was based on Petitioner's failure to comply with SSA regulations to complete forms required for continuing disability review for twelve continuous months. Where an individual is determined not to be entitled to benefits because he is able to now engage in substantial gainful activity or because he fails to cooperate in a review of his entitlement to benefits, the medical improvement standard does not apply. *See* 42 U.S.C. § 1382c(a)(4) ("Any determination made under this paragraph shall be made on the basis of the weight of the evidence and on a neutral basis with regard to the individual's condition, without any initial inference as to the presence or absence of disability being drawn from the fact that the individual has previously been determined to be disabled.").

Furthermore, recent Ninth Circuit case law indicates that a presumption of disability should not be applied where a claimant reapplies for benefits more than one year after a non-medical termination of benefits. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008) (finding no presumption of disability where claimant's SSI benefits had been terminated following twelve months of continuous suspension due to her incarceration and she reapplied for benefits six years after that termination and more than fifteen years after her prior successful application). Similarly, here, Petitioner's benefits were terminated for a non-medical reason and he did not reapply for benefits until five years after termination and nine years after the California Judgment awarded him benefits. Accordingly, Petitioner is not entitled to a presumption of disability.

Petitioner voluntarily stopped claiming disability in 1999 and worked until 2005 despite

**Memorandum Decision and Order - Page 8**

his prior claimed disability.  By definition, he was no longer disabled.  Thus, the burden is on Petitioner to demonstrate disability as of June 16, 2005 rather than on the Commissioner to demonstrate medical improvement.  The ALJ was not required to address the prior California Judgment, and it was not necessary for Dr. Hamilton to have reviewed it.

**B.     Failure to Develop the Severity of Petitioner's Hepatitis C**

According to Petitioner, it is undisputed that he is suffering from hepatitis C given that Dr. Rust concluded that there was evidence of "chronic smoldering hepatitis."  (AR 123.) Petitioner notes that Dr. Rust was concerned enough about his blood work, that he advised Petitioner by letter that he should be evaluated by a liver specialist regarding the advisability of interferon treatments.  (AR 126.)  He further noted that Dr. Hamilton acknowledged that hepatitis could cause fatigue issues and that his limitations could be greater is his liver condition were more severe.  (AR 154.)  Finally, Petitioner contends that given the unanswered questions about the severity of the hepatitis C, the ALJ should have required a consultative exam, additional bloodwork, and even testimony from an endocrinologist.

The record reflects that the ALJ inquired of Dr. Hamilton about the hepatitis C.  Dr. Hamilton noted that the actual diagnostic testing was not in the record although Dr. Rust assumed hepatitis C based on tests indicating abnormalities of Petitioner's liver function that were in the record.  (AR 150.)  Dr. Hamilton felt that, based on the record, it was questionable that Petitioner has hepatitis C.  However, he noted that Petitioner evidently has some kind of liver disease.  (AR 151.)

In addition to questioning Dr. Hamilton about the hepatitis C issue, the ALJ questioned Petitioner.  Petitioner responded that he declined the recommended interferon treatments because

**Memorandum Decision and Order - Page 9**

he felt they would be too disabling.  (AR 155-56.)  In response to questioning by counsel, Petitioner said that he did not want interferon treatment because he considered it a "poison."  (AR 165.)  Therefore, he did not want to undergo treatment given that he was "still alive, still functioning."  (AR 165.)

The ALJ found that the only indication of hepatitis C in the record was Dr. Rust's report which contained blood test reports that the ALJ believed confirmed chronic, active hepatitis.  (AR 12.)  He noted Petitioner's failure to seek medical attention for his hepatitis symptoms and that his failure to mention the hepatitis C diagnosis when he sought treatment for his right shoulder in September 2006.  (AR 15; 156-57.)

Petitioner testified he left his job as a real estate agent due to pain and fatigue.  (AR 160-61.)  However, other than mentioning fatigue, he cites no other symptoms attributable to liver disease.  Petitioner told Dr. Rust that his hepatitis C causes him to have fatigue but that he has not had other evidence of liver failure."  (AR 122.)   The ALJ discussed the severity of Petitioner's hepatitis C with Dr. Hamilton and Petitioner, and Petitioner's counsel inquired as well.  (AR 150-51; 154; 155-56.)  The ALJ also noted that there was no record that Petitioner sought medical treatment for hepatitis C around the time he stopped working in 2005.  (AR 15.)

The Court notes that while Dr. Hamilton did not believe an official diagnosis of hepatitis C had been made, the ALJ accepted Dr. Rust's diagnosis of chronic hepatitis C and found it was a severe impairment.  (AR 12.)  To further develop the record as to hepatitis C by testing Petitioner further would simply confirm the diagnosis accepted and assumed by the ALJ.  While it is possible that the hepatitis C could ultimately lead to symptoms that might affect his ability to work and even result in death as indicated in Dr. Rust's letter to Petitioner, in fact, at the time

**Memorandum Decision and Order - Page 10**

of the hearing, Petitioner complained only of fatigue.  Disability cannot be claimed on speculative potential side effects.

The Court acknowledges that an ALJ "has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001).  However, it is a claimant's burden or duty to prove disability by furnishing medical or other evidence.  *Id*. (citing 42 U.S.C. § 423(d)(5) and 20 C.F.R. § 404.1512(a) and (c)).  The ALJ is only required to develop the record when the evidence is ambiguous or when the ALJ finds that the record is inadequate to allow for proper evaluation of the evidence.  *Id*. at 459-60 (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)).  *See also Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1986).

Here, there was no ambiguous evidence.  The ALJ did not find the record inadequate.  Rather, he adopted the diagnosis of hepatitis C and Petitioner's assertions of resulting fatigue.  A duty to further develop the record as to the issue of the severity of Petitioner's hepatitis C did not arise.  Dr. Hamilton agreed that fatigue was a possibility with chronic hepatitis C and Petitioner described the degree of fatigue he experienced.  Even if bloodwork indicated that the disease had progressed, his only symptom *during the time he claimed to be disabled* was fatigue.  The ALJ was not required to assume Petitioner's burden of proving that his hepatitis C was more severe than the medical evidence suggested or that he had symptoms of which he was not complaining.

## V.

## Conclusion

Based on its review of the entire record, the Court finds that the Commissioner's decision

**Memorandum Decision and Order - Page 11**

is supported by substantial evidence and is not the product of legal error. Therefore, the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act will be affirmed.

## ORDER

Based upon the foregoing, the Court being otherwise fully advised in the premises, **it is hereby ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act be **AFFIRMED** and that the petition for review be **DISMISSED**.



DATED: March 25, 2009

Honorable Mikel H. Williams
Chief United States Magistrate Judge